IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

RENAY LYNCH,

                              Petitioner,                    **No. 01-CV-0641(VEB)**

              -vs-                                           **DECISION AND ORDER**

ELAINE LORD, Superintendent, Bedford Hills
Correctional Facility,

                              Respondent.

# BACKGROUND

On or about September 5, 2001, *pro se* petitioner Renay Lynch ("Lynch") filed a petition

for a writ of habeas corpus from this Court, pursuant to 28 U.S.C. § 2254, challenging her April

9, 1998 conviction  following a jury trial on charges of second degree murder (N.Y. Penal Law

§§ 125.25(3), 20.00) and first degree robbery (N.Y. Penal Law §§ 160.15(1), 20.00). (Docket No.

1).[1] Lynch alleged the following claims: her inculpatory statement to the police had been

obtained in violation of her Fifth Amendment rights, trial counsel had failed to proved effective

assistance for numerous reasons, her conviction was against the weight of the credible evidence,

and her sentence was harsh and excessive. The parties subsequently consented to disposition of

this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c) and, on November 21, 2001, the

case was assigned to Magistrate Judge Hugh B. Scott. (Docket No. 7). Respondent answered the

petition on or about January 18, 2002.  (Docket Nos. 8 & 9).  Lynch filed an amended petition

---

[1]        Lynch was sentenced to concurrent terms of imprisonment, the longest of which was twenty-five
years to life. Her conviction was unanimously affirmed on direct appeal. *People v. Lynch*, 273 A.D.2d 806 (App.
Div. 4th Dept.), *leave denied*, 95 N.Y.2d 935 (N.Y. 2000), *cert. denied*, 531 U.S. 1194 (2001).

(Docket No. 10) asserting a newly discovered evidence claim based upon a purported recantation

by prosecution witness Raquel Hunter, a jailhouse informant. (Docket No. 21). Respondent

submitted a supplemental memorandum of law in opposition (Docket No. 17) to the amended

petition. At that time, Magistrate Judge Scott deemed the matter submitted on the pleadings.

(Docket No. 18).

On March 24, 2005, Magistrate Judge Scott issued a Decision and Order (Docket No. 21)

denying all of Lynch's habeas claims on the merits and denying a certificate of appealability

pursuant to 28 U.S.C. § 2253(c). Judgment was entered in favor of respondent on March 25,

2005. (Docket No. 22).

Thereafter, Lynch apparently filed a pleading with the United States Court of Appeals for

the Second Circuit which was returned to the District Court Clerk with instructions to construe it

as a notice of appeal regarding the judgment dismissing Lynch's habeas petition. This

accordingly was docketed on April 18, 2005, as petitioner's Notice of Appeal (Docket No. 23).

On December 21, 2005, the Second Circuit issued a mandate denying Lynch's motion for

a certificate of appealability and dismissing her appeal regarding her habeas petition because she

had failed to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C.

§ 2253(c). (Docket No. 24).

During the time that her notice of appeal was pending in the Second Circuit, Lynch filed a

form petition with that court titled "United States Court of Appeals for the Second Circuit –

Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. §

2244(b) By a Prisoner in State Custody." The Second Circuit considered this as a motion for an

"order authorizing the United States District Court for the Western District of New York to

consider a successive 28 U.S.C. § 2254 petition." *See* Second Circuit Mandate filed May 19,

2006 (Docket No. 25). At the time Lynch filed this motion, her notice of appeal was still pending

before the Second Circuit. For this reason, the Second Circuit ordered that Lynch's motion be

"transferred to the district court for whatever further proceedings are appropriate, as adjudication

of petitioner's prior petition was not final as of the date the present application was filed."

Second Circuit Mandate dated May 19, 2006 (Docket No. 25) (citing *Whab v. United States*, 408

F.3d 116, 120 (2d Cir. 2005)). This mandate was filed with the District Court Clerk on May 24,

2006 (Docket No. 25).

Lynch, acting *pro se*, then filed with the District Court Clerk a form petition titled

"United States Court of Appeals for the Second Circuit – Application for Leave to File a Second

or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody."

(Docket No. 26). I note that this is the same pleading Lynch had filed on November 21, 2005, in

the Second Circuit since it bears the stamp of that court showing the date it was received. In this

pleading, which hereinafter is referred to as the Subsequent Petition, Lynch's "Ground one" for

relief is the same as her "actual innocence" claim asserted in the first Petition–namely, that she

was convicted upon the perjured testimony of jailhouse informant Raquel Hunter ("Hunter").

Lynch has resubmitted the affidavit in which Hunter allegedly recanted her trial testimony, along

with a new affidavit from a woman named Rayna Kelly ("Kelly"), who apparently was a co-

defendant with Hunter in an unrelated case. Kelly states in her affidavit that Hunter told her that

Hunter testified falsely at Lynch's trial. "Ground two" in the Subsequent Petition alleges that,

because the prosecution's case purportedly depended only on circumstantial evidence, the trial

court erred in failing to give the "moral certainty" jury charge. (Docket No. 26). In handwritten

pages attached to the form (Docket No. 26), Lynch asserts two more claims. The first bears the heading, "Additional Grounds: ONE". This claim attacks the constitutionality of her confession. Lynch alleges that she was a "crack addicted . . . person with mental deficiencies." (Docket No. 26). Thus, she argues, her confession was involuntary. The other claim raised in the handwritten addendum is headed, "Additional Grounds: TWO".  Therein, Lynch contends that she was wrongfully convicted of felony murder because "no robbery was proven to have taken place . . . ." According to Lynch, the "detectives testified to stacks of money being on the kitchen counter, jewelry still on victim." (Docket No. 26).

Lynch thereafter filed with this Court a motion to appoint counsel and to amend the subsequent petition. (Docket No. 27). The matter was reassigned to the undersigned on June 6, 2007. (Docket No. 29). Lynch then filed a *pro se* motion for an evidentiary hearing on July 2, 2007. (Docket No. 30).

For the reasons that follow, the subsequent petition is dismissed, as are Lynch's motions to amend the subsequent petition, for counsel, and for an evidentiary hearing.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the federal habeas corpus statute, established a "'gatekeeping' mechanism," *Felker v. Turpin*, 518 U.S. 651, 657 (1996), aimed toward limiting the filing of "second or successive" habeas corpus petitions. *See Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (noting that AEDPA imposes "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus.") (*per curiam*).  Section 2244(b) was amended to read as follows:

(1) A claim presented in a second or successive habeas corpus application under

-4-

section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b); *see also Felker*, 518 U.S. at 657.[2]  As federal courts have observed, AEDPA does not define the phrase "second or successive." *Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *see also Slack v. McDaniel*, 529 U.S. 473, 486 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *Muniz v. United States*, 236 F.3d 122, 127 (2d Cir. 2001). Thus, before a subsequent petition can be considered a "second or successive" petition, there at least must have been an adjudication on the merits of the earlier petition. *Murray v. Greiner*, 394 F.3d at 80-81; *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003). According to the Second Circuit, a subsequent petition is "second or successive" if it "raises a claim that was, or could have been, raised in an earlier petition." *James v. Walsh*, 308 F.3d at 167. Furthermore, under AEDPA, a "second or

---

[2]     The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel of the circuit court of appeals then has thirty days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" 28 U.S.C. § 2244(b). *See* 28 U.S.C. §§ 2244(b)(3)(B), (C), (D). Section 2244(b)(3)(E) specifies that "the grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of *certiorari*."

successive" habeas petition may be filed in the district court only after the petitioner obtains

authorization from the Second Circuit. 28 U.S.C. § 2244(b)(3)(A). This ostensibly was what

Lynch was attempting to do when she filed the Subsequent Petition (*i.e.*, the "Application for

Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner

in State Custody" (Docket No. 26)) in the Second Circuit while her appeal was pending.

Because Lynch's appeal of the denial of her first habeas Petition was pending at the time

she filed her "Application for Leave to File a Second or Successive Habeas Corpus Petition 28

U.S.C. § 2244(b) By a Prisoner in State Custody" (Docket No. 26) in the Second Circuit, that

court found that it was not "second or successive" within the meaning of AEDPA. *See* Second

Circuit Mandate dated May 19, 2006 (Docket No. 25) (citing *United States v. Whab*, 408 F.3d at

118).

*Whab*, which the Second Circuit cited in its mandate returning Lynch's case to this Court,

involved a collateral motion to vacate a federal criminal conviction brought under 28 U.S.C. §

2255, rather than § 2254. The Second Circuit explained in *Whab* that for a "subsequent petition

to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the

disposition of an earlier petition must qualify as an adjudication on the merits." *Whab*, 408 F.3d

at 118 (citations omitted); *see also Villanueva*, 346 F.3d at 60 ("[The Second Circuit] has ruled

that 'to be considered "successive," a prisoner's second petition must, in a broad sense, represent

a second attack by federal habeas petition on the same conviction.'") (quoting *Vasquez v.*

*Parrott*, 318 F.3d 387, 390 (2d Cir. 2003)). "[U]ntil the adjudication of an earlier petition has

become final, its ultimate disposition cannot be known." *Whab*, 408 F.3d at 118 (citing *Ching v.*

*United States*, 298 F.3d 174, 177 (2d Cir. 2002)). Thus, the Second Circuit explained  in *Whab*,

"so long as appellate proceedings following the district court's dismissal of the initial petition

remain pending when a subsequent petition is filed, the subsequent petition does not come within

AEDPA's gatekeeping provisions for 'second or successive' petitions." *Id.*

In *Whab*, the petitioner's motion for a certificate of appealability with respect to the

denial of his initial § 2255 motion remained pending in the circuit court at the time he sought

leave of to file the subsequent § 2255 petition. 408 F.3d at 118.[3] In other words, there had not

been a final adjudication on the merits of the earlier petition, and "[f]or that reason, the

subsequent petition was not 'second or successive' within the meaning of § 2255. . . ." *Id.*

A question arises as to whether the transfer of Lynch's subsequent petition back to this

Court has been rendered futile because, in between the time of the filing of the Subsequent

Petition (Docket No. 26) and its resolution, the Second Circuit denied Lynch's request for a

certificate of appealability with regard to her first 28 U.S.C. § 2254 petition, thereby rendering

the adjudication of the first petition "final." *See Whab*, 408 F.3d at 120. The Second Circuit panel

in *Whab* noted that it would be a "useless gesture" to transfer defendant's subsequent § 2255

petition to the district court "if, upon receipt the district court would determine that the

adjudication of the initial petition has now become final, with the consequence that the

subsequent petition has become 'second or successive' and thus must be returned to the court of

appeals for its gatekeeping function." *Id.* (citing *Liriano v. United States*, 95 F.3d 119, 123 (2d

Cir. 1996)). The Second Circuit stated the transfer in Whab's § 2255 case was not futile, first of

---

[3]          It bears noting that defendant Whab was a prisoner in federal custody, while Lynch is a prisoner in
state custody, and her petition of course is brought under § 2254, not § 2255. The two statutes have been held to be
"*in pari materia*" but there are some differences between the two. "Unlike Section 2255, which allows a federal
prisoner to challenge only the legality of a judgment imposing a sentence,  Section 2254 permits a state prisoner to
file a habeas petition on the ground that he is "in custody in violation of the Constitution or laws or treaties of the
United States." *James v. Walsh*, 308 F.3d at 166-67 (quoting 28 U.S.C. § 2254(a)).

all, because the denial of a certificate of appealability did not make the adjudication of Whab's

earlier petition final; rather, that petition would "not be final until petitioner's opportunity to seek

review in the Supreme Court ha[d] expired." *Id.* (citation omitted). In *Whab*, the defendant's

federal criminal conviction was pending on direct appeal. Such is not the case here, as Lynch's

state criminal conviction has been final since 2001, long before the Subsequent Petition was

filed.

As its second reason for finding that transferring Whab's subsequent § 2255 petition back

to the district court was not futile, the Second Circuit observed that the "proper reference point

for determining whether a petition is 'second or successive' is the moment of filing, regardless of

whether the petitioner files directly in the district court or first files an application for

gatekeeping approval in the court of appeal." *Whab*, 408 F.3d at 120.  The Second Circuit stated

that if Whab had filed his subsequent § 2255 petition directly in the district court, it would have

been lawfully filed. I am uncertain how Lynch's Subsequent Petition, which was brought under

28 U.S.C. § 2254 after another judge of this Court had denied her first petition on the merits

could have been properly filed in the first instance in the district court without first seeking

permission from the court of appeals. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall

be required to entertain an application for a writ of habeas corpus to inquire into the detention of

a person pursuant to a judgment of a court of the United States if it appears that the legality of

such detention has been determined by a judge or court of the United States on a prior application

for a writ of habeas corpus, except as provided in section 2255."); *see also Gonzalez v. Crosby*,

545 U.S. 524, 530-31 (2005) (holding that a post-judgment motion to vacate pursuant to Fed. R.

Civ. P. 60(b) that interjected new claims, including a claim based on an intervening change in

law, into a 28 U.S.C. § 2254 habeas action, was a "second or successive" petition under 28 U.S.C. § 2244(b)).

The Second Circuit, in its mandate returning Lynch's subsequent petition to the district court, gave instructions to take "whatever further proceedings are appropriate" but did not specifically authorize the filing of the subsequent petition as a "second or successive" petition. Although the subsequent petition might well be a "second or successive" petition within the meaning of 28 U.S.C. § 2254 for which permission by the Second Circuit must be obtained, the issue of futility discussed in *Whab* need not be addressed. Regardless of how the subsequent petition is characterized, it must be dismissed.[4]

Under AEDPA, a one-year statute of limitations period applies to both § 2254 and § 2255 applications. A state prisoner such as Lynch is required to file a § 2254 petition no later than one year from the latest of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The only two starting points that possibly could apply in Lynch's case are § 2244(d)(1)(A) and § 2244(d)(1)(D). Although Section 2244(d)(1)(A) is the event most

---

[4]    Furthermore, *Whab* suggests that this Court need not treat the subsequent petition filed by Lynch as a motion to amend her previous petition, *see Whab*, 408 F.3d at 119. As in *Whab*, because the Second Circuit ultimately denied a certificate of appealability regarding Lynch's first petition, the two petitions will not be before this Court simultaneously. *Id.* at 119. Therefore, there is no longer a first Petition to amend.

often used in habeas cases and looks to the date that the petitioner's state court conviction became final, *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998) (citing 28 U.S.C. § 2244(d)(1)(A)); *accord Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000); Subsection (D) could apply here because Lynch has asserted a claim of "newly discovered evidence." However, Lynch's Subsequent Petition (Docket No. 26) is clearly untimely using either date as the starting point.

Even giving Lynch the benefit of the later start date allowed for in § 2244(d)(1)(D), the subsequent petition is still untimely. Based on Lynch's submissions, her actual innocence claim is based upon an alleged recantation by jailhouse informant Raquel Hunter, who testified for the prosecution. Lynch has submitted an affidavit sworn to by Hunter on February 9, 2004, in which Hunter allegedly admits she was "coerce [sic] inot [sic] saying [sic] from [sic] district attorney . . . during Renay Lynch [sic] jury trial . . . ."  (Docket No. 26). Thus, as of February 9, 2004–and no later than that date–Lynch was aware of the factual basis for this newly discovered evidence claim.  For purposes of § 2244(d)(1)(D), February 9, 2004, is the latest "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" and is the starting point for the one-year statute of limitations as calculated under § 2244(d)(1)(D). Lynch therefore would have had to file her subsequent petition by February 9, 2005. However, Lynch did not file the Subsequent Petition in the Second Circuit until November 21, 2005–which is the earliest possible date it could be considered filed–more than ten (10) months after the statute of limitations expired.[5]

---

[5]     The applicable limitations period is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review . . . is pending. . . ." 28 U.S.C. § 2244(d)(2) (emphasis supplied). The pendency of the instant application for a writ of habeas corpus is a Federal request for collateral review and does not serve to toll the statute of limitations under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that the tolling mandated by § 2244(d)(2) applies only to State, and not to federal, petitions for collateral relief); *accord Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002). In other words, AEDPA's one-year

Therefore, the Court determines that the Subsequent Petition must be dismissed as untimely. *Breeden v. Ercole*, No. 06 CV 3860, 2007 WL 3541184, at *1 (E.D.N.Y. Nov. 14, 2007) (holding that a subsequent § 2254 petition should be dismissed as time-barred under AEDPA's one-year statute of limitations) (quoting *Whab*, 408 F.3d at 120); *see also Palmer v. Phillips*, No. 05 Civ. 9894(KMW), 2007 WL 60419, at *2 (S.D.N.Y. Jan. 8, 2007) (dismissing a subsequent petition on the grounds of untimeliness under AEDPA's one-year statute of limitations).[6]

In any event, even if the Court were to construe the subsequent petition as a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), it warrants dismissal. The only possible Rule 60(b) ground that could apply in Lynch's cases is subsection (b)(2), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . ."   A motion for a new trial on the grounds of newly discovered evidence may not be granted under Rule 60(b)(2) unless the evidence was discovered after trial and the court finds that due diligence to discover the new evidence is shown or may be inferred on the part of the movant. Furthermore, "[t]he evidence must be material and the evidence must be such that a new

---

statute of limitations has continued to run while the present habeas petition has been pending in this Court.

[6]         The one-year AEDPA filing limitation is not jurisdictional and, under certain circumstances, may also be equitably tolled. *Acosta v. Artuz*, 221 F.3d 117, 119, 122 (2d Cir. 2000) (citing *Smith v. McGinnis*, 208 F.3d at 17); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417-18 & 418 n.8 (2005) (assuming without deciding that equitable tolling is available under AEDPA). The petitioner bears the burden of demonstrating that (i) "extraordinary circumstances prevented him from filing his petition on time," *Smith*, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," *id.*. Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Lynch has not asserted, and I cannot find, that there were any "extraordinary circumstances" that prevented her from complying with the statute of limitations.  Under the circumstances presented, I find that Lynch is not entitled to equitable tolling of the statute of limitations.

trial would properly produce a new result." *In re Tucherello*, 43 B.R. 93, 96 (W.D.N.Y. 1984).

Assuming for the sake of argument that Hunter's affidavit constitutes "newly discovered

evidence" within the meaning of Rule 60(b)(2), and leaving aside the inherent untrustworthiness

of recantation testimony, *e.g.*, *United States ex rel. Sostre v. Festa*, 513 F.2d 1313, 1318 (2d Cir.)

*cert. denied*, 423 U.S. 841 (1975)), I find that there is  no reasonable possibility that its

introduction would have changed the outcome of Lynch's trial. As Magistrate Judge Scott found

when he denied Lynch's habeas petition, Hunter's alleged recantation does not establish Lynch's

innocence–and the jury still had before it Lynch's confession detailing the crime scene, which

was corroborated by two witnesses. In addition, trial counsel cross-examined Hunter at trial

regarding her motivations for testifying.

        Finally, there is no point in transferring the Subsequent Petition back to the Second

Circuit Court of Appeals for certification as a "second or successive" petition. Not only is the

Subsequent Petition untimely, it fails to meet the threshold requirements set forth in 28 U.S.C. §

2244(b) for proper "second or successive" petitions. Lynch does not rely on a "new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable[.]" 28 U.S.C. § 2244(b)(2)(A). Furthermore, Lynch does not satisfy the

second option for certification by the circuit court of appeals, set forth in 28 U.S.C. §

2244(b)(2)(B). That subsection requires that the factual predicate of the claim in the "second or

successive" petition could not have been discoverable previously through the exercise of due

diligence. 28 U.S.C. § 2244(b)(2)(B)(i). As noted above, Hunter's recanting affidavit was signed

and notarized on February 9, 2004, while Lynch's first habeas Petition was still pending.  This

was well before Lynch filed her Subsequent Petition in November 2005.

-12-

**CONCLUSION**

For all of the foregoing reasons, the Subsequent Petition (Docket No. 26) is dismissed with prejudice. Furthermore, Lynch's motion for counsel and to amend the Subsequent Petition (Docket No. 27), and motion for an evidentiary hearing (Docket No. 30) are denied with prejudice. A certificate of appealability shall not issue as Lynch has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

Furthermore, because Lynch is now proceeding *pro se* and because recent correspondence sent to the attorney listed of record has been returned as undeliverable, the Clerk of the Court is directed to send a copy of this Order, and all subsequent correspondence from the Court, to Lynch personally.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  February <u>6</u>, 2008.
          Buffalo, New York.